# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW W. BECKEL, | ) |
| | ) |
|            Plaintiff, | ) |
| v. | )   No.: 17-4256-JBM |
| | ) |
| J. SEYMOUR et al., | ) |
| | ) |
|            Defendant. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

1

# ALLEGATIONS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq.* He alleges that on August 3, 2017, he was investigated for having another resident in his cell and was placed on Temporary Special Management Status. On August 8, 2017, he received notice that he would go before the Behavioral Committee on the charge of sexual misconduct. The hearing was held the following day, August 9, 2017. Plaintiff was found guilty of sexual misconduct based on incident reports, a resident's account, witness accounts/interview and review of security video footage.

Plaintiff makes a general claim that he was not made aware of any evidence against him and was not given an opportunity to adequately defend himself at the hearing. He does not identify any particular evidence of which he was not aware and does not reveal whether he was disciplined. Plaintiff asserts a due process claim and requests compensatory and punitive damages as well as injunctive relief, that he be allowed to cell with resident Allen Barnard.

An individual must be afforded procedural due process only if a protected liberty or property interest is at stake. If such an interest is identified, that then Court is to consider what process was due. *Hamlin v. Vaudenberg,* 95 F.3d 580, 584 (7th Cir. 1996). In other words, if a constitutional right is identified, then procedural due process must be provided. *Brokaw v. Mercer Co.,* 235 F.3d 1000, 1020 (7th Cir. 2000).

Here, Plaintiff does not identify a property or liberty interest which would trigger due process protections. Accordingly, the complaint is DISMISSED without prejudice. Plaintiff is given leave to file an amended complaint, within 30 days, should he wish. If Plaintiff files an amended complaint he is to specifically identify his claims against each Defendant. It is not

enough to plead that a Defendant "was responsible" for oversight of others as there is no respondent superior in a § 1983 claim. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992) (the doctrine of *respondeat superior* does not apply to 42 USC §1983 actions). The amended complaint must stand complete on its own, without reference to a prior pleading.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety and must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2. Plaintiff's petition to proceed in forma pauperis [3] is DENIED with leave to reassert if he files an amended complaint. Plaintiff's motion for status [5] is rendered MOOT. Plaintiff's motion for default judgment [6], is DENIED as Defendants have not been served and are not in default.

2/8/2018  
ENTERED

s/Joe Billy McDade  
JOE BILLY McDADE  
UNITED STATES DISTRICT JUDGE